IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEROY CANNON JR., | § | |
| TDCJ-CID NO. 1126454, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION H-05-809 |
| | § | |
| DOUGLAS DRETKE, Director, Texas | § | |
| Department of Criminal Justice-Correctional | § | |
| Institution Division, | § | |
|     Respondent. | § | |

## OPINION ON DISMISSAL

Petitioner LeRoy Cannon, Jr., an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2002 felony conviction for murder in cause number 884755 from the 177th State District Court of Harris County, Texas. (Docket Entry No.1). Respondent has filed a motion for summary judgment on the ground that petitioner has not asserted a constitutional error entitling him to federal habeas relief. (Docket Entry No.7). Petitioner has filed two responses to the motion. (Docket Entries No.9, No.10). After considering all pleadings and the entire record, the Court will grant respondent's motion for summary judgment and deny petitioner relief.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner entered a plea of guilty without an agreed recommendation to the offense of murder. The 177th State District Court of Harris County, Texas sentenced him to twenty-five years confinement in TDCJ-CID. (Docket Entry No.1). Petitioner filed a motion for new trial, "arguing that his guilty plea was involuntary because, based on discussions with his attorney, [petitioner] allegedly believed that he was assured of deferred adjudication if he pleaded guilty. The trial court

denied this motion for new trial." *Cannon v. State*, No.14-02-00828-CR (Tex. App.–Houston [14th Dist.] 2003, pet. ref'd) (not designated for publication).  On direct appeal, petitioner complained the state district court abused its discretion in denying his motion for new trial.  *Id.*  The Fourteenth Court of Appeals for the State of Texas noted that there was no reporter's record from the original plea hearing but the record contained "plea papers, signed and initialed by appellant, which indicated the following:

    (1)    appellant was admonished that he was subject to a range of punishment that included a term of life or any term of not more than 99 years or less than 5 years confinement in the Institutional Division of the Texas Department of Criminal Justice;

    (2)    appellant was informed as to how the deferred-adjudication process would work, if the trial court were to place him on deferred adjudication;

    (3)    appellant agreed that he reads and writes the English language;

    (4)    appellant wished to waive his right to have a court reporter make a record of his plea hearing;

    (5)    appellant's attorney fully discussed with appellant the plea papers and the consequences of his guilty plea; and

    (6)    appellant understood the admonishments in the plea papers and was aware of the consequences of his plea, which he made freely and voluntarily.

*Id.*, slip opinion at 2.  The Fourteenth Court of Appeals further found that "[i]n the plea papers, appellant's trial counsel and the trial court both verified that appellant entered his plea knowingly and voluntarily after having discussed the case with his attorney."  *Id.*

    The state court of appeals further reviewed the petitioner's affidavit and his trial counsel's affidavit, which were admitted at the hearing on the motion for new trial.  *Id.*  Petitioner attested in his affidavit that he believed, based on discussions with his trial counsel, that if he entered a plea of guilty and had a PSI, he would be assured of a probated sentence.  *Id.*  Petitioner claimed that his trial

counsel had not informed him that if he entered a guilty plea without a punishment recommendation that the state district court could sentence him to prison. *Id.*

Jim Stafford, petitioner's trial counsel, attested that he explained and petitioner understood "that the only way he could receive probation in this case would be after a PSI was prepared and only if the judge thought the facts warranted placing him on probation" given petitioner's two previous felony convictions. *Id.*, slip opinion at 3. Stafford attested that petitioner "acknowledged that he understood that the trial court could send him to prison." *Id.*

In affirming the conviction, the Fourteenth Court of Appeals for the State of Texas found the state district court did not abuse its discretion in denying petitioner's motion for new trial and that the record supported the court's determination that petitioner's plea was voluntary. *Id.*, slip opinion at 3. The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review.

Petitioner filed a state application for writ of habeas corpus, seeking relief on grounds that (1) his plea was involuntary because he was unaware of the consequences of his plea; and, (2) his trial counsel deprived him of the effective assistance of counsel because he failed to produce mitigating evidence at the sentencing hearing, failed to argue that petitioner acted in self-defense, and failed to secure a plea bargain. *Ex parte Cannon*, Application No. 59,797-02 at 7-8. The state habeas court found that trial counsel did not promise petitioner that he would receive a probated sentence in exchange for his guilty plea and that petitioner failed to demonstrate that trial counsel rendered ineffective assistance of counsel. (Docket Entry No.8, Part 7 at 33). The state habeas court found that the totality of representation afforded petitioner was sufficient to protect his right to the effective assistance of counsel. (*Id.*). The state habeas court further found that petitioner failed to overcome the presumption created by the trial records that his plea was knowing and voluntary and

that his conviction was improperly obtained.  (*Id.*, at 34).  The Texas Court of Criminal Appeals denied petitioner's state habeas application without written order on the findings of the trial court without a hearing.  *Ex parte Cannon*, Application No.59,797-02 at cover.

In the pending petition, petitioner seeks federal habeas relief on the following grounds:

1. The state district court abused its discretion in denying his motion for a new trial because his plea was entered "not knowing;"

2. Petitioner's trial counsel rendered ineffective assistance of counsel because he (a) failed to obtain a secure plea agreement; (b) did not disclose mitigating evidence to the state district court; and (c) did not raise the issue of self-defense at the sentencing hearing.

(Docket Entry No.1).

## STANDARD OF REVIEW

In deciding a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  The moving party bears the initial burden of informing the court of the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001); *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact."  *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

Petitioner's federal habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *Lindh*

4

*v. Murphy*, 521 U.S. 320 (1997). The AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000). In this case, petitioner presented claims in a petition for discretionary review and a state habeas corpus application. The Texas Court of Criminal Appeals refused the petition for discretionary relief and denied the state habeas application without written order on the trial court's findings without a hearing. As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)). Therefore, only those claims properly raised by petitioner in his petition for discretionary review or his state application for habeas corpus relief have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) hold that this Court shall not grant relief unless the state court's adjudication:

  (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

  (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Courts are to review pure questions of law and mixed questions of law and fact under subsection (d)(1), and pure questions of fact under subsection (d)(2). *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness." *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)). Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers.").

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle. . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.* To be unreasonable, the state decision must be more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'" *Id.* Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002)

6

(citing Rule 11 of the Rules Governing Section 554 Cases in District Courts), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521. Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

## Knowing and Voluntary Plea

Petitioner claims the trial court abused its discretion because his plea was entered "not knowing." (Docket Entry No.1).

A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats, misrepresentation, or improper promises having no relationship to the prosecutor's business, such as bribes. *Brady v. United States*, 397 U.S. 742, 755 (1970).

On direct appeal, the Fourteenth Court of Appeals for the State of Texas noted that petitioner's "attestation of voluntariness at the original plea hearing imposed a heavy burden on him at the hearing on his motion for new trial to show a lack of voluntariness." *Cannon v. State*, No.14-02-00828-CR, slip opinion at 5. After reviewing the plea papers in the record and the affidavits

admitted at the hearing on the motion for new trial, the state appellate court found that the record supported the trial court's determination that "appellant's plea was voluntary and that appellant's counsel did not misinform him." *Id.* at 6. The state appellate court held that the trial court did not abuse its discretion in denying the motion for new trial. *Id.* The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review on this ground.

The record supports the finding of the state appellate courts. The Written Plea Admonishments reflect that (a) petitioner was admonished about the range of punishment, (b) he was informed about the deferred adjudication process, (c) he agreed that he was proficient in the English language, (d) his attorney fully discussed with him the plea papers and the consequences of entering a guilty plea, and (e) petitioner understood the admonishments in the plea papers and was aware of the consequences of his plea, which he made freely and voluntarily. (Docket Entry No.8, Part 10, pages 8-10). Petitioner swore to the veracity of these admonishments and signed the document. His trial counsel, the assistant district attorney, and the state district judge also signed the document. (*Id.* at 10).

Petitioner, however, contends that summary judgment is inappropriate because his affidavit and his trial counsel's affidavit conflict with respect to whether petitioner's trial counsel informed petitioner that he would receive probation if he entered a guilty plea. (Docket Entry No.9). While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules. *Smith*, 311 F.3d at 668 (citing Rule 11 of the Rules Governing Section 554 Cases in District Courts). Therefore, section 2254(e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule

that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *Id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Id.*

In this case, petitioner fails to rebut the findings of the state appellate courts that the facts stated in his trial counsel's affidavit were true and that trial counsel did not promise petitioner that he would receive a probated sentence in exchange for a guilty plea. (Docket Entry No.8, Part 7 at 33). He entered a knowing and voluntary plea. Accordingly, he fails to show that the state courts' determination that his plea was voluntary and that the state district court did not abuse its discretion in denying his motion for new trial is an unreasonable application of federal law. Respondent is entitled to summary judgment on this ground.

<u>Ineffective Assistance of Counsel</u>

Next, petitioner claims his trial counsel rendered ineffective assistance of counsel because he (a) failed to obtain a secure plea agreement; (b) did not disclose mitigating evidence to the state district court at the sentencing hearing; and (c) did not raise the issue of self-defense at the sentencing hearing. (Docket Entry No.1).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. U.S. CONST. amend. VI. When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of counsel, he must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have

been different. *Strickland v. Washington*, 466 U.S. 668, 687-91, 694 (1984). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

To satisfy the second or "prejudice" prong of the *Strickland* test in the context of a guilty plea a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, (1985); *accord Craker v. McCotter*, 805 F.2d 538, 541 (5th Cir. 1986). Therefore, in the context of a guilty plea, a petitioner alleging ineffective assistance of counsel may attack counsel's performance only as it relates to the voluntariness of his guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 266 (1973); *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994). It is not sufficient for a habeas petitioner to merely allege deficiencies on the part of counsel. He must affirmatively plead the resulting prejudice in his habeas petition. *Hill*, 474 U.S. at 59-61; *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir.1988). A court reviewing an ineffectiveness claim need not consider the two inquires under *Strickland* in any particular order since a failure to establish either requirement necessarily defeats the claim. *Strickland*, 466 U.S. at 697.

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001). Because petitioner's ineffective-assistance claims were previously considered and rejected on state habeas corpus review, the state court's decision on those claims will be overturned only if it is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

<u>Secure Plea</u>

Petitioner alleges that his trial counsel is "notorious for accepting a client's plea of guilty by promising probation or other such claims. He contends that he would not have pled guilty had trial counsel conveyed to him that he had not secured a plea agreement. (Docket Entry No.1).

Petitioner, however, fails to satisfy the second prong of the *Strickland* test as modified by *Hill v. Lockhart* for cases involving habeas petitioners who pleaded guilty. He alleges no facts or circumstances, which might support a conclusion that, but for the alleged failure of counsel to secure a plea, he would not have pleaded guilty and would have insisted on going to trial. *See Craker*, 805 F.2d 541. His claim of ineffective assistance of counsel is conclusory in nature and, as such, fails to state a cognizable ground for relief.

<u>Mitigating Evidence and Self Defense</u>

Petitioner contends that his trial counsel "never disclosed to the Judge that a pistol was found on the complainant." (Docket Entry No.1). Petitioner maintains had counsel so informed the state district judge, the judge would have considered such mitigating evidence during sentencing. (*Id.*). Petitioner further contends that his trial counsel never raised the issue of self-defense and that he never properly investigated the whole case because had he done so, trial counsel would have "given the self-defense issue greater thought since a pistol was found on complaint." [sic] (*Id.*).

In his response to the motion for summary judgment, petitioner claims that his plea was involuntary because his trial counsel was ineffective in obtaining a secure plea, not raising the self-defense issue, and failing to inform the state district judge that complainant was armed. (Docket Entry No.9). Petitioner claims he would never had pled guilty if his counsel had not promised him probation. (*Id.*).

11

Although inadequate representation by an attorney may render a guilty plea involuntary and thus a nullity, *see Colson v. Smith*, 438 F.2d 1075 (5th Cir. 1971), the state habeas court's findings and the habeas record do not indicate that such ineffective representation was afforded to petitioner. "The long standing test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill*, 474 U.S. at 56 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).

Petitioner alleges no facts or circumstances, which might support a conclusion that, but for the alleged failure of counsel to investigate the whole case or pursue a theory of self-defense, he would not have entered a guilty plea and would have insisted on going to trial. Moreover, the record does not support such a claim. Petitioner's trial counsel attested by affidavit at the hearing on the motion for new trial that he met with petitioner several times and discussed the merits of the case. *Ex parte Cannon*, No.59,797-02 at 24. Trial counsel further attested that he and petitioner "explored defenses and discussed the pros and cons of having a jury trial." *Id.* Trial counsel attested that because petitioner was ineligible to receive probation from a jury, they discussed pleading guilty to a PSI and asking the trial court to place him on probation. *Id.*

The state habeas courts found the facts asserted in trial counsel's affidavit were true and coupled with the content of the official trial records demonstrate that the totality of trial counsel's representation "was sufficient to protect [petitioner's] right to reasonably effective assistance of counsel." (Docket Entry No.8, Part 7 at 33). Petitioner fails to show that this finding is contrary to or an unreasonable application of established federal law.

Petitioner also fails to show that his trial counsel's performance was deficient or prejudicial at the sentencing hearing. The record reflects that petitioner's trial counsel argued at the PSI hearing as follows, in pertinent part:

> I think if you read the statement as given by the PSI writer as to Mr. Cannon's statement to the police when he made his confession and also his written statement to the Court, it shows that he is a 68-year-old man who had been out visiting a friend who he's known for years, a person that since his wife died that he goes and checks on and tries to take care of her. He was good friends with Lucky's lady friend.
>
> As a matter of fact, he felt, as he said in his statement, she was almost like a daughter, somebody that he's known for years. And unfortunately, that day, Lucky was intoxicated. And, unfortunately for everybody, I'm sure Lucky was a nice man, but – and a good man, but often when you're drunk and intoxicated, it does not let you think straight and makes you do things that you wish you hadn't done.
>
> And as my client has stated to you in his report, Judge, he's seen Lucky with a pistol before. He's seen him abuse Henry May before. And I think even his original statement to the police that when it all happened, that he had beer thrown in his face. He was hit.
>
> Here was a younger guy threatening a 68-year-old man. And you can imagine the fear that my client was going through that particular day. And the fear that he knew Lucky always carried a pistol. And he knew at that particular time that Lucky was acting strange. He wasn't doing right, he wasn't treating him right. And he kept coming at him and he was backing up. And true, he went for the pistol. But I think, Judge, based on the condition of how things were created there, everybody was somewhat at fault. Lucky for being the aggressor, Lucky for threatening him, Lucky for hitting him, for hitting Henry May. And I think when you know someone is carrying a pistol, maybe you react a little different that you normally would do.

*Cannon v. State*, No.14-02-00828, Reporter's Record Volume 2 at 7-9.

The record also reflects that the state district court was informed that a gun was found on the complainant by the prosecutor, who argued: "And while a gun was found on the complainant, it was found in his back waist of his pants when they rolled his body over at the scene. That gun was never taken from that position, never displayed to the defendant on the date of this offense." *Id.* at 12. The prosecutor also informed the court that petitioner had never informed anyone that complainant had

13

a gun until he wrote his statement for the PSI report in preparation for asking the Court to place him on deferred adjudication probation. *Id.* at 11. Based on the facts before the court, the state district court found petitioner guilty, rejected his request for probation and sentenced him to twenty-five years. *Id.* at 14.

The record belies petitioner's claim that trial counsel did not argue self-defense or inform the state district court that complainant had a gun. Without more, petitioner fails to demonstrate that trial counsel's performance was defective or prejudicial. Accordingly, petitioner fails to demonstrate that the state habeas court's finding that petitioner's trial counsel afforded him the effective assistance of counsel is contrary to or an unreasonable application of clearly established federal law.

Respondent is entitled to summary judgment on this ground.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was

correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability from this decision will not issue.

## CONCLUSION

Finding no unreasonable application of clearly established federal law in the record of the state habeas proceeding, the Court ORDERS the following:

1. Respondent's motion for summary judgment (Docket Entry No.7) is GRANTED.

2. Petitioner's petition for federal habeas relief is DENIED.

3. This habeas action is DISMISSED, with prejudice.

4. A certificate of appealability is DENIED.

The Clerk will provide a copy to the parties.

Signed at Houston, Texas, on February 1, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE